Note—The OA opinion will be found in 4 Abs.

----

## No. 98
### HUNTINGTON et v. MacMAHON et
No. 19421. Supreme Court
On motion to certify. Dock. Nov. 14, 1925; 3 Abs. 722.

**389. DESCENT & DISTRIBUTION**—Where all of the next of kin of a former deceased husband are nieces and nephews, does the property pass and descend to them per stirpes or per capita under 8577 GC?

The original action was a proceeding in partition instituted in the Franklin Common Pleas by Thomas Huntington and six other brothers and sisters. Benjamin Huntington, the original owner of the estate in controversy, died in 1903, intestate and without issue, the estate descending to his wife. The wife died in 1924 without issue and the real estate descended under 8577 GC., one half to collaterals of her blood and one half to collaterals of the blood of her deceased husband.

The brothers and sisters of Benjamin Huntington are dead and there are eight nephews and nieces to whom that portion of the estate descends. Seven of these are children of one brother and one is the child of another brother of Benjamin Huntington, deceased. The case was appealed from the Common Pleas, and the question presented was whether the nephews and nieces take per stirpes or per capita. The Court of Appeals held that the real estate be partitioned per stirpes.

The seven nephews and nieces of the one brother take the case to the Supreme Court, and claim that where the descendents either lineal or collateral stand in equal degrees they take per capita, but if they stand in unequal degrees, they take per stirpes. It is claimed that "where an intestate leaves property acquired by purchase, with no heirs except nephews and nieces title is cast upon such nephews and nieces as a class and they therefore take per capita and not per stirpes."

It is contended that what is now 8577 GC. was originally intended to be a part of the general act covering descent of property which contemplated that where the next of kin to the intestate were of equal degree of relationship to the intestate they took per capita, and where they were of an unequal degree, they took per stirpes. It is claimed it must have been the purpose of the legislature to apply the rule to all cases arising out of 8577 GC.

"A code of statutes relating to one subject is presumed to be governed by one spirit and policy, and intended to be consistent and harmonious and all of several sections are to be construed in order to arrive at the meaning of any part, unless a contrary intent is clearly manifest." Hence it is claimed 8581, 8582, 8583, apply to 8577 GC.

It is urged that the intention is imputed to the legislature in attempting to make a will for an intestate and should not be different from the intention imputed to the testator where he fails to specify the manner of apportionment. In other words, if the court applies the per capita rule, where a will is silent as to the method of apportionment, it should apply the same rule in construing a statute which is silent as to the method of apportionment.

Attorneys—Arnold, Wright & Harlor for Huntington et; F. H. Game, O. W. Newman, and M. W. Bradshaw for MacMahon et.; all of Columbus.

----

## No. 99
### COSTINE, Admr. v. KENNON
No. 19558. Supreme Court
On motion to certify. Dock. Jan. 11, 1926; 4 Abs. 56.

**114. ATTORNEY & CLIENT**—If a will provides for the employment of attorneys to contest the will if the heirs so desire and the will is set aside, are attorney fees recoverable from the estate of the deceased?

This action was brought originally in the Belmont Common Pleas by Newell Kennon, against Anna Stahl and D. H. Crymble, as executors under the will of William Patterson, deceased, on an account for services in contesting said will. The suit referred in the account was brought by all the heirs of William Patterson.

Shortly after the suit was filed by Kennon the executors settled their account in the probate court and John E. Costine was appointed administrator de bonis non, and on his motion was made a party defendant, and filed an answer to the petition and later an amended answer in which the following defenses were set up:

1. The first defense admitted the services set out in the account and denies each and every allegation of the petition not expressly admitted.

2. The second defense was that the defense of Stahl and Crymble to the will contest was voluntary and that their authority as executors was terminated by settlement in the probate court.

3. The third defense alleged that Kennon's claim was an item of the account filed and that exceptions to this item were sustained, but that Kennon, with notice of this ruling, failed to prosecute error or appeal thereto and that therefore there is a judgment against Kennon's claim.

Kennon filed a general denial to the amended answer and judgment was rendered in his favor and affirmed by the appeals.

Costine, as admr., here contends:

1. That the Common Pleas erred in overruling a motion for a new trial.

2. That the Common Pleas erred in charging the jury that the only issues to be submitted are the questions of fact raised by the petition and the first defense of Costine's answer.

3. That the Common Pleas erred in charging the jury as follows: "If you find - - - - that William Patterson, before his death, made provision for the employment of attorneys to look after any contest of his will, - - - - and the service under that employment was rendered, you would be warranted - - - - in finding a verdict for the plaintiff."

4. That there is no evidence that Patterson employed Kennon as attorney for the executors in case the will was contested. (The will not designating a particular attorney.)

5. That the Common Pleas erred in overruling a motion to direct a verdict for Costine.

6. That the facts set forth in the petition do not show a cause of action.

Attorneys—T. C. Ayers, for Costine; N. K. Kennon, for Kennon; both of St. Clairsville.